UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In re:
    DORIS L. JAMES,                                   :       Chapter 13
                    Debtors.             :       Case No. 06-32197
_____

In re:
    DUC V. LE,                                        :       Chapter 13
                    Debtors.             :       Case No. 06-33793
_____

APPEARANCES:

JAMES F. SELBACH, ESQ.
JAMES F. SELBACH, P.C.
Attorney for the Debtors
2700 Bellevue Avenue
Syracuse, New York 13219

ANGELA Z. MILLER, ESQ.
PHILLIPS LYTLE, LLP
Attorney for JER Revenue Services, LLC
3400 HSBC Center
Buffalo, New York 14203

**FILED**

JUL 09 2007

OFFICE OF THE BANKRUPTCY CLERK
SYRACUSE, NY

Hon. Margaret Cangilos-Ruiz, U.S. Bankruptcy Judge

**MEMORANDUM-DECISION AND ORDER**

      The Court herein considers motions made in two separate cases which are substantively and procedurally similar and are, therefore, being addressed jointly. In both cases, the debtors ask the Court to find JER Revenue Services, LLC ("JER") in willful violation of the automatic stay and to award actual damages including attorneys' fees pursuant to §362(k) of the United States Bankruptcy Code, 11 U.S.C. §§101 - 1501( "Code"). JER denies that its actions violated the automatic stay.

The facts which follow are largely undisputed.

Debtors Doris L. James ("James") and Duc V. Le ("Le") (jointly "Debtors") filed voluntary chapter 13 proceedings, respectively, on October 20, 2003 and February 22, 2006. Each of the Debtors listed as a creditor "MBBA 2003-A Tax Lien Finance Trust, c/o JER" on schedule E (Creditors Holding Unsecured Priority Claims). On October 23, 2003 and February 24, 2006, respectively, the Court sent notice of the commencement of James' filing and Le's filing to JER. The Debtors' confirmed chapter 13 plans provide for payment in full of JER's claims. Thereafter, on August 3, 2006, JER sent a form letter to each of the Debtors captioned: "NOTICE OF SALE OF TAX LIEN AND TRANSFER OF SERVICING." The letters, which reference the respective property addresses of the Debtors and begin with the salutation: "Dear Syracuse Taxpayer," advise that the tax lien against their property was sold by the City of Syracuse the day before on August 2, 2006 and that JER is no longer servicing the tax lien. The letters then direct "...all further inquiries and payments..." to American Tax Funding, LLC for which complete contact information is provided. Appearing as a legend at the bottom of each letter is the following additional language:

> JER REVENUE SERVICES, LLC IS ATTEMPTING TO COLLECT DELINQUENT MUNICIPAL OR COUNTY TAXES, FEES AND/OR OTHER CHARGES AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

("Language"). It is this Language upon which the Debtors rely in support of their argument that JER willfully violated the stay.

In reviewing the body of the letter, this court finds that it is informational only and helpful. It notifies the Debtors that a third party, and not JER, should receive all future payments and communications regarding the underlying tax debt and supplies contact information for the third party. Given that the Debtors were in bankruptcy at the time the letters were sent, it would have been

preferable and prudent to have communicated the information through Debtors' counsel or by a filing made with the court. Nevertheless, the letters do not specify the amount of the respective tax debts outstanding nor demand payment of the same and this court finds the substance of the communications basically benign. It is not disputed that at the time the letters were sent JER had no right to collect the debts as they were both owned and serviced by an unrelated third party. Notwithstanding this fact, the issue is whether inclusion of the Language in the bottom legend somehow transformed the letters into attempted collection efforts on prepetition claims such that their transmission constituted willful violations of the automatic stay.

The Language employed, appearing as it does in a legend affixed to the bottom of the letter, was an effort by JER to insure that all communications initiated as servicer of the loan comply with the provisions of the Fair Debt Collections Practices Act, 15 U.S.C. §§1692 - 1692(o)("FDCPA"). FDCPA was enacted to curb abusive and unfair collection practices by debt collectors.[1] Specifically, FDCPA §1692(e)(11) requires a debt collector to disclose in its communication with a consumer that it is attempting to collect a debt and that any information obtained from the consumer will be used for that purpose.[2]

In pertinent part, Code §362(k) provides that:

> ...an individual injured by any willful violation of a stay...shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive

---

[1] See FDCPA §1692(e). ("It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."]

[2] A debt collector's failure to provide the required disclosure is actionable, subjecting the debt collector to damages. FDCPA §1692(k).

damages.

In interpreting the foregoing language of the predecessor statute, the Second Circuit found that a creditor acts "willfully" if with knowledge of the petition, it deliberately acts with the intention to do the act that violates the stay. See <u>Crysen/Montenay Energy Co. v. Esselen Assoc.(In re Crysen/Montenay Energy Corp.)</u>, 902 F.2d 1098, 1105 (2d Cir. 1990), interpreting then Code §362(h). Without doubt, JER intended to send the Letters and had knowledge of the pending bankruptcies. The question remains whether the transmission of the Letters with the Language in the bottom legend constituted a violation of the stay.

Code § 362 (a)(5) provides that the filing of a petition stays: "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case..." The purposes and policies behind § 362(a), viewed as one of the "fundamental debtor protections" affording a necessary "breathing spell" from creditor collection activities, are well known and aptly described in the legislative history to that section.[3]

Upon a review of the circumstances underlying issuance of the Letters, the court finds that neither the letter nor the spirit of the automatic stay was violated by JER's transmission of the letters. JER was providing information only and was not, contrary to the Language, attempting to collect or recover the tax debts. Indeed, JER's communication clearly conveyed that it had no further authority to collect the debt. Although a lack of authority to collect on a pre-petition claim would not alone negate finding an action violative of the stay, from the context in which the Language appears the ready inference is that the Language was routinely inserted to avoid the pitfalls of violating the

---

[3] See legislative history to §362 found in H. Rept. No. 95-595 accompanying H.R. 8200, 95th Cong., 1st Sess.(1977) at pp. 340-344.

FDCPA. For this Court to find that JER's inclusion of the FDCPA Language in an otherwise innocuous letter made its transmission violative of the automatic stay would serve neither the purpose behind Code § 362(a) nor the purpose of the FDCPA. "[S]tatutes should be construed so as to attain a coherent result and to effectuate the purpose the legislature sought to achieve; an absurd result signals an erroneous construction." KLC, Inc. v. Trayner, 426 F.3d 172, 176 (2d Cir. 2005). In essence, the court is being asked to find a violation of the automatic stay provision of Code § 362(a) as a result of JER's rote compliance with FDCPA § 1692e(11). The Court declines to do so.

Based on the foregoing, it is hereby **ORDERED** that the Debtors' motions are denied and dismissed with prejudice. The Clerk is directed to docket this order in each of the respective cases.

Dated: July 9, 2007
Syracuse, New York

Hon. Margaret Cangilos-Ruiz
U.S. Bankruptcy Judge